**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-10-1903-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| The State of Arizona; Janice K. Brewer, Governor of the State of Arizona, in her official capacity; Terry Goddard, Attorney General of the State of Arizona in his official capacity; Maricopa County; Keith Frankel; Judge Ronald I. Karp, | |
| Defendants. | |

Pending before the Court are the following motions: (1) Motion to Dismiss filed by Keith Frankel and Maricopa County (Doc. 14); (2) Motion to Dismiss filed by the State of Arizona, Janice K. Brewer in her official capacity, and Terry L. Goddard in his official capacity (Doc. 15); and (3) Motion to Dismiss filed by Ronald I. Karp (Doc. 23). For the reasons discussed below, the Court grants the above motions.

**BACKGROUND**

On or about September 8, 2009, Plaintiff's former insurance agent sought an injunction against harassment pursuant to A.R.S. § 12-1809, barring Plaintiff from contacting him. The San Marcos Justice Court denied that injunction but granted another injunction against workplace harassment, pursuant to A.R.S. § 12-1810, on the same day. After Mr. Camboni requested and received a hearing on the injunction, the Justice Court denied his

request to quash the injunction. As a result of the Justice Court proceedings, Plaintiff alleges that a number of his civil rights were violated, including double jeopardy, right to a fair trial, right to legal counsel, lack of equal protection, due process under the law, violation of his First Amendment rights to free speech and religion, right to trial by jury, right to a speedy trial, and racial discrimination. Plaintiff also challenges the constitutionality of A.R.S. § 12-809 and A.R.S. § 12-1810 on grounds that they are preempted by federal law and therefore violate the Fourteenth Amendment. Defendants move to dismiss Plaintiff's Complaint.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

The Court must construe the complaint liberally since Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers."). "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

## DISCUSSION

**I.     County Defendant's Motion to Dismiss**

**A.     Defendants Frankel and Karp**

Defendants Frankel and Karp move to dismiss Plaintiff's claims against them because they are entitled to absolute immunity as a matter of law. Defendant Frankel is a Justice of the Peace and Defendant Karp is an attorney appointed to serve as a Justice of the Peace pro tem in the San Marcos Justice Court. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). Judges are absolutely immune from damages for all judicial acts performed within their subject matter jurisdiction, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The immunity

similarly attaches even if the judge is accused of making grave errors of law or procedure. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Not even allegations of "bad faith, personal interest or outright malevolence" are enough to remove the cloak of absolute immunity from judges acting within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Such immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). Moreover, regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in his or her official capacity. *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (pro tem municipal judge); *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) (justice of the peace).

There are two exceptions to the rule of judicial immunity. First, judicial immunity does not shield "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. Plaintiff's allegations against the Justices do not arise out of nonjudicial actions, therefore the first exception does not apply. Second, judicial immunity does not protect "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12. The test for determining when an action is judicial in nature has been explained as the following: "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362; *see also Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Here, Mr. Camboni's claims all address acts taken by Justices Frankel and Karp during the course of presiding over the injunction hearings involving Plaintiff. Specifically, Mr. Camboni alleges that the Justices denied him due process during two "secret trials" that they conducted on September 9, 2009. (Doc. 13 at 4). He alleges that the Defendants failed to provide him a free certified transcript of the proceedings, thereby preventing him from appealing the rulings and violating his due process rights (*id.*), and that he was denied fair and equitable treatment because he was not provided with appointed counsel at taxpayer expense (*id*. at 5). He further

alleges that statements made by the Justices during the proceedings over which they presided demonstrated religious and racial discrimination. (*Id.* at 6, 11). All of the actions pled to support Mr. Camboni's claims concern ordinary judicial acts – presiding over an injunction proceeding – and arise out of Mr. Camboni's dealings with the Defendants in their judicial capacity. Thus, the acts of which Mr. Camboni complains are judicial acts.

As the Supreme Court has explained, judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). This is so, because recognizing the immunity in all cases promotes the public's interest in having judges who are free to use their judicial authority independently without fearing retribution. *Id.* There is no basis to assert that the actions by the Justices were taken in the complete absence of jurisdiction. All were taken in the context of the injunction proceedings concerning Plaintiff, over which they had jurisdiction. Nor does Mr. Camboni suggest otherwise.[1] Accordingly, Justices Frankel and Karp are absolutely immune from suit and are dismissed, with prejudice, as Defendants in this action.

Moreover, the facts set forth by Plaintiff suggest that Justices Frankel and Karp properly followed the procedures set forth in Arizona law related to the ex parte issuance of injunctions against harassment. Plaintiff's allegations that he was denied constitutional protections, including the right to not be placed in double jeopardy, right to legal counsel, right to trial by jury, right to confront witnesses, and right to a speedy trial, overlook the fact that his proceedings in the San Marcos Justice Court were civil, not criminal, in nature and therefore the constitutional protections given to the accused in criminal cases do not apply. A.R.S. §§ 12-1809 and 12-1810 are statutes located in Title 12 of the Arizona Revised

---

[1] In Response, Plaintiff argues that Justices Frankel and Karp violated their oath of office and therefore have "engaged in acts of treason." (Doc. 22 at 2). Plaintiff has alleged no facts that would bring the Justices' actions within the scope of treason, defined under Article III, § 3 as "consist[ing] only in levying War against [the United States], or in adhering to their Enemies, giving them Aid and Comfort."

Statutes governing "civil proceedings." *See Hudson v. United States*, 522 U.S. 93, 100 (1997) (finding that "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty") (quotations and citations omitted). Under those statutes, such proceedings are appropriately conducted on an ex parte basis, provided a defendant against whom an injunction is issued has the opportunity to challenge the injunction. *See* A.R.S. §§ 12-809(E),(H) - 1810(E),(G). Plaintiff was afforded such an opportunity. *See* Doc. 14, Ex. C; *see also* Doc. 13 at 6, 9, 10. The fact that Plaintiff was temporarily forbidden from going near his former insurance agent or other protected persons or the potential restriction of his right to carry a firearm do not transform the civil proceeding into a criminal one, as Plaintiff seems to contend.

**B.    Maricopa County**

Other than noting that the incidents took place in "Maricopa County's San Marcos Justice Court", Plaintiff has not linked the actions of Defendant Maricopa County with the injuries that he complains about. To the extent Plaintiff appears to allege that Maricopa County should be held vicariously liable for a Justice of the Peace's judicial conduct due to its funding of the Courts or otherwise, this assertion fails as a matter of law. While the Complaint does not identify 42 U.S.C. § 1983 as the basis of his claim, this statute is appropriate for the types of claims Plaintiff asserts. "[A] municipality can be found liable under [section] 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under [section] 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y. City. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). Liability may attach against a municipality in two ways. First, the municipality itself may violate an individual's rights through a policy, ordinance, regulation or other formal decision. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). Plaintiff has not alleged the existence of a County policy or custom that would support liability under § 1983. To the extent that Plaintiff alleges that Maricopa County "lacked authority under the United States Constitution to enact and/or enforce A.R.S. 12-1809

and A.R.S. 12-1810" (Doc. 13 at 11) because they are preempted by federal law, Plaintiff has failed to allege any facts to support a challenge to the constitutionality of the statutes.[2] Second, in certain circumstances, a municipality may be liable based on its omissions if its employee commits a constitutional violation, even if the municipality did not formally direct the employee to do so. *See Gibson*, 290 F.3d at 1185. As stated above, Plaintiff has not set forth any facts which would suggest that the Justices of the Peace who presided over his injunction proceedings committed a constitutional violation. Accordingly, Maricopa County is dismissed from this action.

## II.    State Defendants' Motion to Dismiss

Plaintiff names as Defendants Governor Brewer and former Attorney General Terry Goddard, in their official capacities, and also the State of Arizona. "Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Mitchell*, 209 F.3d 1111, 1115–16 (9th Cir. 2000) (footnote omitted), *overruled in part on other grounds by* Kimel v. Fla. Bd. of Regents, 528 U.S. 62 (2000). States retain their immunity against suits by private parties under the Eleventh Amendment, "regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Arizona has not manifested the intention to waive its sovereign immunity under the Eleventh Amendment from suit in federal court, nor has there been a valid abrogation of that immunity. Further, to the extent that Plaintiff is alleging a claim pursuant to 42 U.S.C. § 1983,

---

[2] Furthermore, pursuant to Local Rule of Civil Procedure 24.1, "[a] party drawing in question the constitutionality of an act of Congress or of any state affecting the public interest shall forthwith, upon the filing of any pleading or other document which raises the question, notify in writing the District Judge or Magistrate Judge to whom the case has been assigned of the pendency of the question in any action, suit or proceeding in the district court in which the United States or a state or any agency, officer or employee thereof is not a party. . . . The purpose of the notice is to enable the Court to comply with the requirements of 28 U.S.C. § 2403." Plaintiff has failed to file a notice of claim of unconstitutionality before this Court.

1  the Supreme Court has held "that neither a State nor its officials acting in their official
2  capacities are 'persons' under [section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S.
3  58, 71 (1989); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir.
4  1991). Finally, Plaintiff's allegation that A.R.S. §§ 12-1809, 12-1810 are preempted by
5  federal law and are therefore unconstitutional fails for the same reasons discussed with respect
6  to the County's motion. Plaintiff simply fails to allege any facts to support his claim.

Moreover, other than naming Brewer and Goddard in the caption and including them in the description of the parties, neither of them are mentioned anywhere else in the Complaint. To the extent that Plaintiff may wish to implicate them in the roles they played in implementing and enforcing the two state statutes which Plaintiff challenges, such allegations are simply too attenuated. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding that State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of widespread abuses and failed to take action. *See King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). The present case is devoid of any allegations that the governor and former attorney general knew of, or took part in, any constitutional deprivations. Therefore, this action is dismissed as to Brewer, Goddard, and the State of Arizona.

**IT IS HEREBY ORDERED** that Judge Frankel and Maricopa County's Motion to Dismiss (Doc. 14) is **GRANTED**. Defendant Keith Frankel is dismissed with prejudice from this action. Defendant Maricopa County is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**. Defendants Brewer, Goddard and the State of Arizona are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Judge Karps' Motion to Dismiss (Doc. 23) is **GRANTED**. Defendant Ronald I. Karp is dismissed with prejudice.

The Clerk of the Court is directed to terminate Defendants Keith Frankel and Ronald I. Karp from this action.

DATED this 8th day of August, 2011.

_____
G. Murray Snow
United States District Judge